| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM BODDIE,<br><br>                    **Plaintiff,**<br><br>v.<br><br>THE CITY OF NEW YORK, NYPD Officer Sean Casey (Tax ID #952551) and NYPD Sergeant Evan Hodos (Tax ID #944081)<br><br>                    **Defendants.** | **Second Amended Complaint**<br><br>JURY TRIAL DEMANDED<br><br>Civ. No.:  15-4275 (GHW) |

## PRELIMINARY STATEMENT

1. Plaintiff brings this civil rights action against the City of New York and NYPD agents Sean Casey and Evan Hodos, alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting him and using unreasonable force against him. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

1

3. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Adam Boddie ("Plaintiff" or "Mr. Boddie") is a 35 year old African-American man who resides within the Morrisania Houses, which is a NYCHA property, located in Bronx County, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. NYPD agents Sean Casey and Evan Hodos are members of the NYPD who were involved in the arrest of Plaintiff on May 25, 2015. Defendant NYPD agents Sean Casey and Evan Hodos are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. In the late afternoon of May 25, 2015, Plaintiff was barbequing on a grill across the street from his residence when he was approached by NYPD agents Sean Casey and Evan Hodos who asked for "the cook."

9. Plaintiff acknowledged that he was "the cook" and informed NYPD agents Sean Casey and Evan Hodos that earlier that day, other NYPD officers[1] informed him that he could barbeque there.

---

[1] The names, shield numbers and proper service addresses are in the possession of the defendant City, although they did not name these officers in their Initial Disclosures or in their Responses to Plaintiff's Discovery Demands. Once

10. NYPD agents Sean Casey and Evan Hodos told Plaintiff that they did not care what the officers had told Plaintiff earlier and told him to shut off the grill.

11. Plaintiff complied with the officers' instructions.

12. NYPD agent Sean Casey then grabbed Plaintiff's arm and put his left hand in a handcuff.

13. NYPD agent Hodos grabbed Plaintiff's right arm, forcefully threw him against a car and cuffed his hands together.

14. NYPD agents Sean Casey and Evan Hodos then went through Plaintiff's pockets, found no weapons or contraband, and shoved him into the back of a police vehicle.

15. NYPD agent Hodos then yanked Plaintiff by the handcuffs further into the police vehicle.

16. After asking numerous times why he was being arrested, NYPD agents Casey and Hodos eventually told Plaintiff he was being arrested and charged with Resisting Arrest.

17. Plaintiff was transported to the precinct and processed.

18. Although Plaintiff was complaining of the pain in his wrists from being yanked by the handcuffs, he was not allowed medical attention, and instead, NYPD agent Casey forced Plaintiff to sign a blank form, waiving the need for medical attention, and gave Plaintiff a pink ticket for *Permitting an Open Flame.*

19. Plaintiff was then transported to Central Booking and at arraignment, Plaintiff learned that he had been charged with Resisting Arrest and Disorderly Conduct.

20. At arraignment, the matter was adjourned in contemplation of dismissal.

---

the defendant City names these officers, Plaintiff reserves his right to depose them and if appropriate, name them in his Third Amended Complaint.

21. Once released, Plaintiff went to Bronx-Lebanon Hospital due to the pain in his wrists, which resulted from his handcuffed hands being forcefully yanked by an NYPD agent Hodos.

22. As a result of the defendants' actions, Plaintiff suffered an unlawful detention, loss of liberty, physical injury to his wrist, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation - all to his detriment.

## FIRST CLAIM
*Unlawful Stop and Search*

23. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

24. Defendant NYPD agents Sean Casey and Evan Hodos violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

25. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

26. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, physical injury to his wrist, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and damage to his reputation - all to his detriment.

## SECOND CLAIM
*False Arrest*

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendant NYPD agents Sean Casey and Evan Hodos violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### *§1983 DELIBERATE INDIFFERENCE TO MEDICAL AND SAFETY NEEDS*

30. Plaintiff repeats and realleges each and every allegation as if more fully set forth herein.

31. Defendant NYPD agents Sean Casey and Evan Hodos were aware of a risk to Plaintiff's safety and need for medical care and failed to act in deliberate indifference to Plaintiff's needs.

32. Rather than get Plaintiff the medical attention he needed, NYPD agent Casey forced Plaintiff to sign a blank form waiving his need for medical attention.

33. Accordingly, Defendant NYPD agents Sean Casey and Evan Hodos violated the fourteenth amendment because they acted with deliberate indifference to Plaintiff's medical needs.

34. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### *UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Defendant NYPD agent Evan Hodos violated the Fourth and Fourteenth Amendments when he used excessive force against Plaintiff by yanking him by the handcuffs, further into the police vehicle.

37. In so doing, NYPD agent Hodos acted unreasonably in the force he used against Plaintiff and caused injury to Plaintiff's wrist.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *MONELL CLAIM*

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

42. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

43. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive

force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

44. In a sixty-two (62) page report issued by the New York City Department of Investigation/Office of the Inspector General ("OIG-NYPD Report") on October 1, 2015, it was concluded that, "Historically, NYPD has frequently failed to discipline officers who use force without justification." (Ex. A, p. 2)

45. The OIG-NYPD Report further found, "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force. NYPD's current use-of-force Patrol Guide procedure, which is barely more than a page of text, is completely silent on what actions constitute "force." The Patrol Guide likewise prohibits "excessive force" while offering no clarity on what constitutes "excessive force." (Ex. A, p. 3)

46. As the OIG-NYPD Report makes clear, it is the Department's failure to discipline its officers that use excessive force without justification that emboldened NYPD Officer Hodos to use excessive force against Plaintiff, causing Plaintiff's physical injuries that required medical attention.

47. The OIG-NYPD Report also found that, "NYPD frequently failed to impose discipline even when provided with evidence of excessive force (Ex. A, p. 47)," which further emboldened NYPD Officer Hodos to use the unreasonable and excessive force he did when yanking Plaintiff by the handcuffs; causing Plaintiff physical injury, requiring medical attention.

48. The unreasonable force used against Plaintiff is attributable to the, "NYPD's current use-of-force policy [which] is vague and imprecise, providing little guidance to individual officers on what actions constitute force." (Ex. A, p. 3)

49. Within the OIG-NYPD Report (Ex. A, p. 34), it was concluded that, "The Patrol Guide articulates a policy on the need for the application of force to be proportional to the circumstance and imposes an affirmative duty on officers to prevent the unnecessary escalation of force when it appears excessive. However, it does not articulate a policy on the importance of <u>reducing</u> the likelihood that force is needed in a given situation."

50. It is the City's failure to articulate a policy on the importance of reducing the likelihood that force is needed, that led directly to NYPD Officer Hodos' unnecessary force against Plaintiff, which was disproportionate to the circumstances, given that Plaintiff was already handcuffed.

51. It was the City's failure to train its officers de-escalation, that directly led to NYPD Officer Hodos' use of force against Plaintiff, which was unreasonable, given that Plaintiff was already handcuffed. The OIG-NYPD Report found that, "there is also too little focus on de-escalation during NYPD's training sessions. NYPD spends only a portion of a four-and-a-half-hour course teaching de-escalation, out of 468 classroom hours- less than one percent of the curriculum." (Ex. A, p. 43-44).

52. The City's custom and practice of failing to instruct its officers to de-escalate encounters with the public, led directly to Officers Hodos' decision to use unreasonable force against Plaintiff on May 25, 2015. As the OIG-NYPD Report found, "The NYPD's Patrol Guide does not properly instruct officers to de-escalate encounters with the public." (Ex. A., p. 3).

53. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

54. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

55. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed

and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

56. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

57. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

58. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation, and physical injury – all to his detriment.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

    a.  Compensatory damages against all defendants, jointly and severally;

    b.  Punitive damages in an amount to be determined by a jury;

    c.  Reasonable attorneys' fees and costs; and

    d.  Such other relief as this Court shall deem just and proper.

Dated: February 9, 2016
       New York, NY

                                      s/Michael J. Redenburg
                                      Michael J. Redenburg (NY #MR4662)
                                      MICHAEL J. REDENBURG, ESQ. PC
                                      11 Park Place, Suite 817
                                      New York, NY 10007
                                      mredenburg@mjrlaw-ny.com
                                      1-212-240-9465 (Phone)
                                      1-917-591-1667 (Fax)