IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM BODDIE,<br><br>       **Plaintiff,**<br><br>v.<br><br>THE CITY OF NEW YORK, NYPD Officer Sean Casey (Tax ID# 952551) and NYPD Sergeant Evan Hodos (Tax ID #944081)<br><br>       **Defendants.** | Civ. No.: 15 – 4275 (GHW)<br><br>ECF CASE |

  **COMES NOW** the Plaintiff, Adam Boddie, by and through his counsel of record, and hereby sets forth his opposition to *Defendants' Motion to Dismiss Plaintiff's Monell Claim Pursuant to Rule 12(b)(6).* In support thereof, Plaintiff hereby states and alleges as follows:

**I. PRELIMINARY STATEMENT**

  The instant matter, premised on the false arrest of Plaintiff and the unreasonable force used against him, causing him to sustain injuries for which he sought and received medical treatment; and which alleges violations of Plaintiffs' constitutional rights under the Fourth, Fifth and Fourteenth Amendments, is now before the Court on the Defendants' motion to dismiss Plaintiff's *Monell* claim, pursuant to FRCP 12(b)(6). Because Plaintiff's municipal liability claim is properly pled and supported by the sixty-two (62) page report issued by the New York City Department of Investigation/Office of the Inspector General ("OIG-NYPD Report"), which specifically references the City's failure to properly train its officers on what constitutes excessive force; the City's failure to discipline its officers that use excessive force; and the City's failure to articulate a policy on the importance of <u>reducing</u> the likelihood that force is needed in a

1

given situation – Defendant's motion to dismiss Plaintiff's *Monell* claim must be denied.

## II.   STATEMENT OF FACTS

In the late afternoon of May 25, 2015, Plaintiff was barbequing on a grill across the street from his residence when he was approached by NYPD agents Sean Casey and Evan Hodos who asked for "the cook." Plaintiff acknowledged that he was "the cook" and informed NYPD agents Sean Casey and Evan Hodos that earlier that day, other NYPD officers informed him that he could barbeque there. NYPD agents Sean Casey and Evan Hodos told Plaintiff that they did not care what the officers had told him earlier and told him to shut off the grill. Plaintiff complied with the officers' instructions. NYPD Officer Sean Casey then grabbed Plaintiff's arm and put his left hand in a handcuff. NYPD Sgt. Hodos then grabbed Plaintiff's right arm, forcefully threw him against a car and cuffed his hands together. NYPD agents Sean Casey and Evan Hodos then went through Plaintiff's pockets, found no weapons or contraband, and shoved him into the back of a police vehicle. NYPD Sgt. Hodos then yanked Plaintiff by the handcuffs further into the police vehicle. After asking numerous times why he was being arrested, NYPD agents Casey and Hodos eventually told Plaintiff he was being arrested and charged with Resisting Arrest. Plaintiff was transported to the precinct and processed. Although Plaintiff was complaining of the pain in his wrists from being yanked by the handcuffs, he was not allowed medical attention, and instead, NYPD agent Casey forced Plaintiff to sign a blank form, waiving the need for medical attention, and gave Plaintiff a pink ticket for *Permitting an Open Flame*. Plaintiff was then transported to Central Booking and at arraignment, Plaintiff learned that he had been charged with Resisting Arrest and Disorderly Conduct. At arraignment, the matter was adjourned in contemplation of dismissal. Once released, Plaintiff went to Bronx-

Lebanon Hospital due to the pain in his wrists, which resulted from his handcuffed hands being forcefully yanked by an NYPD Sgt. Hodos.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. V. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." Id.

For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Famous Horse, Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678, 681 (citing Twombly, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). To decide the motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Peter F. Gaito Acrhitecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 64 (2d Cir.

2010) (internal quotation marks and citation omitted).

**ARGUMENT**

**THE CITY'S FAILURE TO PROVIDE PROPER GUIDANCE CONCERNING THE USE OF EXCESSIVE FORCE IS TANTAMOUNT TO DELIBERATE INDIFFERENCE**

Defendants are not entitled to the dismissal of Plaintiff's *Monell* claim. Municipal liability under section 1983 may be imposed only on the basis of a showing that the City bore some responsibility for the alleged violation of the plaintiff's constitutional rights. *See* City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). ("[A] municipality can be found liable under section 1983 only where the municipality itself causes the constitutional violation at issue.") (emphasis in original). To establish such liability, the plaintiff must demonstrate that his constitutional rights have been infringed by a municipal agent "whose acts may be fairly said to be those of the municipality" and that his injury was caused by a "municipal 'policy' or 'custom.'" Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (quoting, inter alia, *Monell*, 436 U.S. at 694). The Supreme Court has further held that, in appropriate circumstances, a municipality's failure to provide adequate training or supervision of its agents, if it amounts to deliberate indifference, may constitute such a policy or custom and thereby trigger liability under section 1983. *See* Brown, 520 U.S. at 407-08 (citing City of Canton, 489 U.S. at 387-910.

As the Defendant City properly points out in their *Memorandum of Law in Support of Their Partial Motion to Dismiss Under Fed. R. Civ. P 12(c)*[1], to state a claim for municipal liability, a Plaintiff must plausibly allege one of four different types of violations:

(1) The existence of a formal policy, officially promulgated or adopted by a municipality,

---

[1] Page 3 of Defendant's brief.

>*Monell,* 436 U.S. at 690-91; (2) the official responsible for establishing a policy, with respect to the subject matter in question to the specific action, caused the alleged violation of plaintiff's rights (3) the existence of an unlawful practice by prrof that this practice was so manifest as to imply the acquiescence of policy making officials or (4) a failure to train or supervise that amounts to "deliberate indifference" to the right of those with whom the municipality's employees interact.

As set forth below, Plaintiff's *Monell* claim is properly supported and well pled, and therefore, defendants' motion to dismiss Plaintiff's claim for municipal liability must be denied.

Plaintiff's Second Amended Complaint ("SAC") cites to the *OIG-NYPD Report*, annexed as an exhibit and incorporated by reference to his SAC. The *OIG-NYPD Report* concludes that, "Historically, NYPD has frequently failed to discipline officers who use force without justification." **¶44,** *Pl.'s SAC*. The NYPD's failure to discipline officers who use force without justification is tantamount to deliberate indifference, because when officers know that they will not be reprimanded or disciplined for this type of behavior, it is the same as the City tacitly endorsing this behavior. Further, as the *OIG-NYPD Report* reads, "[the Patrol Guide] does not articulate a policy on the importance of <u>reducing</u> the likelihood that force is needed in a given situation." **¶49,** *Pl.'s SAC*. And again, it is the failure of the City to instruct its officers on the importance of reducing the likelihood that force is needed which amounts to deliberate indifference to the rights of those whom the City's employees will come into contact with. Additionally, the *OIG-NYPD Report* found that, "there is also too little focus on de-escalation during NYPD's training sessions; NYPD spend only a portion of a four-and-a-half hour course teaching de-escalation, out of 468 classroom hours-less than one percent of the curriculum. **¶51,** *Pl.'s SAC.* In short, the City failed to train its officers de-escalation as a technique, to be used before resorting to force, constituting a policy and custom which triggers liability under *Monell*.

**CONCLUSION**
For the reasons set forth throughout this responsive pleading, ***Defendants' Motion to***

*Dismiss Plaintiff's Monell Claim* should be denied along with any such further relief this court deems just and proper.

Dated: March 4, 2016
       New York, NY

                                              **_/s Michael J. Redenburg_**
                                              Michael Redenburg, Esq. (MR4662)
                                              MICHAEL J. REDENBURG, ESQ. PC
                                              11 Park Place, Suite 817
                                              New York, NY 10007
                                              Telephone: (212) 240-9465
                                              Facsimile: (917) 591-1667
                                              **ATTORNEY FOR PLAINTIFF**